IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:24-CV-1086-FL

| | |
|---|---|
| NIGEL MAX EDGE,                                     ) | |
| )                                      | |
| Plaintiff,                    ) | |
| )                                      | |
| v.                                      ) | |
| )                                      | |
| UNITED STATES OF AMERICA, SKIP       ) | |
| LAWRANCE, JOHN MCSHARAR,             ) | |
| MICHEAL WILLOWS, WILLIAM JOHN        ) | |
| DEBEVOISE, SANDRA LYNN               ) | |
| DEBEVOISE, CLARKSTOWN POLICE         ) | |
| DEPARTMENT, JIMMY MCCORMIK;          )    ORDER | |
| OFFICER BARRY, BRUNSWICK             ) | |
| COUNTY SHERIFF'S DEPARTMENT,         ) | |
| DETECTIVE MOORE, OAK ISLAND          ) | |
| POLICE DEPARTMENT, HOPE FOR          ) | |
| THE WARRIORS (FBI), TINA             ) | |
| ATHERAL, ROBIN KELLEHER,             ) | |
| CRIMINAL INVESTIGATIVE DIVISION      ) | |
| CAMP LEJEUNE, SEAN MANDALL           ) | |
| (Neas Man lab); and 22 UNTIL NONE,   ) | |
| )                                      | |
| Defendants.                    ) | |

This personal injury action, wherein plaintiff proceeds pro se upon amended complaint filed December 2, 2024, is before the court upon a myriad of motions. Motions filed by plaintiff now before this court include his motion for trial (DE 77); motion for service (DE 78); motion for leave to file manually two videos (DE 79); motion for leave to file manually a memoir (DE 80); and motion to expedite (DE 81). The court turns its attention to these and other motions.

A.  Motion to Expedite (DE 81)

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Accordingly, and to the extent "plaintiff requests a full review of this case before making a decision in the matter," (DE 81 at 2), plaintiff's motion to expedite is granted.

B.  Motion for Trial (DE 77)

Plaintiff requests trial which if claims remain after the court's disposition of dispositive motions, he shall as a matter of law receive. The right of trial by jury as declared by the Seventh Amendment to the Constitution – or as provided by a federal statute – is preserved to the parties inviolate. Fed.R.Civ.P. 38. His trial demand is a part of the record and in this part the motion is granted.

C.  Motion Request for Service (DE 78)

Plaintiff's adherence to the guide published by this court to assist those like plaintiff who represent themselves is evident on the record. That guide does as plaintiff makes mention, permit a pro se litigant to request assistance of service by the United States Marshal. Should that become necessary, plaintiff may make that request. In this part the motion is granted.

D.  Motions to Extensions of Time (DE 17, 25)

Also before the court are opposed motions for extension of time to respond to plaintiff's amended complaint respectively filed December 13, 2024, by defendant Jimmy McCormick[1] ("McCormick") (DE 17), seeking to extend the December 18, 2024, responsive deadline until

---

[1]  The complaint and amended complaint name "Jimmy McCormik," (DE 1 at 1; DE 8 at 1); however, in responsive pleading defendant spells his name "Jimmy McCormick" (DE 33 at 1). For ease of reference, the court adopts the spelling used by defendant McCormick.

2

Case 7:24-cv-01086-FL    Document 89    Filed 02/28/25    Page 2 of 5

January 17, 2025, and December 17, 2024, by defendant Oak Island Police Department ("Oak Island") (DE 25), seeking an extension from December 18, 2024, until January 9, 2025, within which to respond. Where defendant McCormick filed motion to dismiss December 18, 2024, his motion for more time to respond (DE 17) is terminated as moot. For good cause shown, defendant Oak Island's motion for extension of time to respond to plaintiff's amended complaint (DE 25) is granted over plaintiff's objection. Defendant Oak Island's motion to dismiss (DE 56) is deemed timely filed.

E.  Motions for Leave to File (DE 79, 80)

Plaintiff asks for leave to file items not normally taken in over the counter at the clerk's office, that is to file a flash drive containing two videos as described (DE 79) and to file his memoir (DE 80), suggested as support in his defense of defendants' pending motions. Such motions include:

1. Defendants McCormick and Clarkstown Police Department ("Clarkstown") pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), (5), and (6) (DE 33);

2. Defendants Tina Atherall[2] ("Atherall"), Robin Kelleher ("Kelleher"), and Hope For The Warriors[3] (FBI) ("Warriors") pursuant to Rules 12(b)(1), (5), and (6) (DE 35);

3. Defendants Detective Moore ("Moore") and Brunswick County Sheriff's Department ("Brunswick County") pursuant to Rule 12(b)(6) (DE 51);

4. Defendant Oak Island pursuant to Rules 12(b)(2), (4), (5), and (6) (DE 56); and

---

[2]  The complaint and amended complaint name "Tina Atheral," (DE 1 at 2; DE 8 at 2); however, in responsive pleading defendant spells her name "Tina Atherall" (DE 35 at 1). For ease of reference, the court adopts the spelling provided by defendant Atherall.

[3]  The complaint and amended complaint name "Hope for the Warriors (FBI)," (DE 1 at 2, DE 8 at 2); however, in responsive pleading, it is noted that defendant capitalizes its name "Hope For The Warriors" and disclaims any connection to the FBI (DE 36 at 2).

5. Defendants United States of America ("United States"), Criminal Investigative Division Camp Lejeune ("CID Lejeune"), and Sean Mandall ("Mandall") pursuant to Rules 12(b)(1) and (6) (DE 83).

Deferring to plaintiff's pro se status, the court grants his motions seeking to supplement the record with two videos and his memoir. Plaintiff has 14 days from date of this order within which to provide these materials to the clerk for inclusion in the record.

F. Motion to Seal (DE 72)

There is a presumption under applicable common law and the First Amendment that materials filed in this court will remain unsealed. See Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988) (First Amendment right to access to court proceedings includes criminal and civil cases). However, a court has authority to seal documents before it based upon the court's inherent supervisory authority over its own files and records. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). In this circuit, "the more rigorous First Amendment standard [applies] to documents filed in connection with a summary judgment motion in a civil case." Rushford, 846 F.2d at 253. The denial of access to documents under the First Amendment must be necessitated by a compelling government interest that is narrowly tailored to serve that interest. See In re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986). Before sealing judicial records, a court must identify the interest that overrides the public's right to an open court, and articulate supporting findings specific enough that a reviewing court can determine whether the order was properly entered. See Press–Enterprise Co. v. Superior Ct. of Ca., 464 U.S. 501, 510 (1984).

Defendant Moore and Brunswick County argue that plaintiff's response to their motion to dismiss should be under seal because it "contains libelous, false allegations throughout its

4

entirety," and "false allegations that lack any basis in reality." (Mem. (DE 73) at 4-5). However, in the context of the instant case, where the allegations in plaintiff's response are in a vein similar to allegations in the complaint, broadly asserting conspiratorial conduct, sealing does not further a compelling government interest sufficient to overcome the public's right to open court filings. Therefore, defendants Moore and Brunswick County's motion to seal is denied.

G.  New Filings

The case manager has received this date voluminous additional filings from plaintiff in support of his claims and in defense of motions. Though time for filing additional materials has elapsed, again deferring to plaintiff's pro se status, these materials will be or now already are indexed on the docket.

H.  Prohibition On More Filings Regarding Issues Submitted

If materials made mention of in paragraph E timely are received they additionally will be reviewed in the court's address of motions remaining, together with new filings mentioned in paragraph G, and all of the record developed.

No more filings shall be attempted by plaintiff as the issues to be addressed in remaining motions are deemed fully and completely submitted.

SO ORDERED, this the 28th day of February, 2025.

_____
LOUISE W. FLANAGAN
United States District Judge